**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 17-5202

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Aug 09, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| KIA LONG, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| WINTERWOOD PROPERTY MANAGEMENT; | ) | THE EASTERN DISTRICT OF |
| PARKWAY PLAZA APARTMENTS, | ) | KENTUCKY |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

O R D E R

Before:  COLE, Chief Judge; DAUGHTREY and DONALD, Circuit Judges.

Kia Long, a pro se North Carolina resident, appeals from the district court's sua sponte order dismissing for lack of subject-matter jurisdiction her civil suit against her former landlord. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed.  *See* Fed. R. App. P. 34(a).

Long was evicted from her apartment in Lexington, Kentucky after her landlord received "[c]omplaints of [her service dog] running loose on the grounds chasing the children and lunging at other residents as if to bite."  Long had also allegedly "taken the animal to other residents['] doors to threaten them," and Lexington police had been called multiple times.  Her landlord sued her in Fayette County District Court and won a writ of forcible detainer.  *Pool & Jefferson v. Long*, No. 16-C-3163 (Fayette Dist. Ct. 2016).

Thereafter, Long filed this suit in the Federal District Court for the Eastern District of Kentucky, asserting that she "did not get a fair trial" and was not given a "chance to speak or

No. 17-5202
- 2 -

even noticed to come to court." She suggested that she was discriminated against for being poor and on account of her race and requested "a chance to show my pictures and paperwork and tell my story."

The district court dismissed the complaint for lack of subject-matter jurisdiction, finding that Long was improperly seeking "what amounts to appellate review of a state court decision" in federal court. Long now appeals, invoking in her appellate brief the Sixth, Seventh, and Eleventh Amendments and seeking expungement of the eviction and one million dollars in compensatory damages.

We review de novo a district court judgment dismissing an action for lack of subject-matter jurisdiction. *See Beamon v. Brown*, 125 F.3d 965, 967-68 (6th Cir. 1997). The plaintiff bears the burden of persuading the court that subject-matter jurisdiction exists. *Dismas Charities, Inc. v. U.S. Dep't of Justice*, 401 F.3d 666, 671 (6th Cir. 2005).

The district court was correct. "[A]ppellate jurisdiction to reverse or modify a state-court judgment is lodged . . . exclusively in [the United States Supreme] Court. Federal district courts . . . are empowered to exercise original, not appellate, jurisdiction." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). Such suits are "properly dismissed for want of subject-matter jurisdiction." *Id*. at 284.

Long's belated attempts to provide a basis for federal jurisdiction by invoking the Sixth, Seventh, and Eleventh Amendments on appeal are futile. In general, we will not review issues raised for the first time on appeal. *See McFarland v. Henderson*, 307 F.3d 402, 407 (6th Cir. 2002).

Accordingly, we **AFFIRM** the district court's dismissal of Long's suit for lack of subject-matter jurisdiction.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk